**Dr. Lucia WILLIAMS, Appellant,**

v.

**Brenda MORA, Appellee.**

No. 10–08–00138–CV.

Court of Appeals of Texas, Waco.

Aug. 13, 2008.

Deborah Smith McClure, Deborah Smith McClure, P.C., Amarillo, for appellant.

Bobby D. Coats, L. Chris Harris, Meadows, Coat & Harris, McGregor, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

Brenda Mora filed suit against Dr. Lucia Williams alleging that Williams negligently sutured her left ureter closed during a hysterectomy in 2003 which then caused damage to and necessitated the removal of Mora's left kidney. After receiving Mora's expert report, Williams moved for a dismissal of the suit pursuant to section 74.351(b) of the Texas Civil Practice and Remedies Code. The trial court denied the motion. Williams appeals. Because the trial court did not abuse its discretion in denying Williams's motion to dismiss, the trial court's judgment is affirmed.

In one issue, Williams seems to argue that the trial court erred because Mora's expert report is 1) speculative, 2) conclusory, 3) fails to identify acts of "deviation from the standard of care and negligence," and 4) fails to provide sufficient information on causation. Mora argues that in reviewing the entire report, the report is not speculative. She further argues that any other objection to the report made by Williams is waived because these objections were made later than the 21st day after the date the expert report was served. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2008).

### WAIVER

We address Mora's waiver argument first. Section 74.351(a) provides in pertinent part, that "[e]ach defendant physician ... whose conduct is implicated in a report must file and serve *any* objection to the sufficiency of the report not later than the 21st day after the date it was served, *failing which all objections are waived.*" *Id.* (Emphasis added). Williams's initial and only timely objection to the expert report was that in two places, the expert's

use of "could have" to describe the causal connection between the breach of the standard of care and the damages or injury to Mora was speculative. This objection was raised in Williams's motion to dismiss which was filed and served 20 days after the expert report was filed and served. Williams did not raise any other objection at that time. Specifically, Williams did not object that the report was conclusory until she filed a reply to Mora's response to Williams's motion to dismiss. Williams's remaining two complaints were not raised until this appeal, long after the 21 day limitation had expired.

■ We agree with Mora that Williams waived any objection to the report other than the objection that two statements were speculative. Because of the particular fact pattern of this appeal, this appears to be a case of first impression. We have found no cases which address a waiver of objections when additional objections were not made within the 21 day period. We hold that the plain language of the statute means what it says: all objections to the sufficiency of the expert report not filed and served by the 21st day after the date the expert report is served are waived.

Accordingly we only address the objection as to the speculative statements and do not address the additional objections raised by Williams.

### SUFFICIENCY OF REPORT–SPECULATIVE

■ When considering a motion to dismiss under Section 74.351, the issue for the trial court is whether the report represents a good-faith effort to comply with the statutory definition of an expert report. *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex.2002); *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex.2001). An "expert report" means:

A written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding the applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards and the causal relationship between that failure and the injury, harm, or damages claimed.

TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(r)(6) (Vernon Supp.2008). To constitute a "good-faith effort," the report must discuss the standard of care, breach, and causation with sufficient specificity to fulfill two purposes: (1) to inform the defendant of the specific conduct the plaintiff has called into question; and (2) to provide a basis for the trial court to conclude that the claims have merit. *Bowie*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 879.

■ The trial court should look no further than the report itself, because all the information relevant to the inquiry is contained within the document's four corners. *Bowie*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 878. The report must include the expert's opinion on each of the three elements that the statute identifies: standard of care, breach, and causal relationship. *Bowie*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 878. The expert must explain the basis of his statements to link his conclusions to the facts. *Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex.1999).

■ We review a trial court's order dismissing a claim for failure to comply with the expert report requirements under an abuse-of-discretion standard. *Bowie*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 878. When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for the trial

court's judgment. *See Flores v. Fourth Ct. of Appeals*, 777 S.W.2d 38, 41 (Tex. 1989).

In her motion to dismiss and at the hearing, Williams argued that the lawsuit should be dismissed because Mora's expert used the speculative phrase "could have" which allegedly failed to provide the causal connection between the alleged negligence and the alleged injuries. Appellee agrees on appeal, as she did in the trial court, that the use of the phrase "could have" was "sloppy." However, she points to other portions of the report that provide unequivocal, non-speculative, statements relating to causation. In reviewing the report, we agree that there are other sufficient statements that provide the causal connection between the alleged negligence and the alleged injuries. Thus, the trial court did not abuse its discretion in denying Williams's motion to dismiss.

Williams's sole issue is overruled, and the trial court's judgment is affirmed.