

NUMBER 13-12-00442-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

JAMES SUMMERSETT III,                                                    Appellant,

v.

REMI JAIYEOLA, M.D.,                                                     Appellee.

On appeal from the 93rd District Court
of Hidalgo County, Texas.

# O P I N I O N

**Before Chief Justice Valdez and Justices Garza and Longoria
Opinion by Chief Justice Valdez**

Remi Jaiyeola, M.D., brought suit against James Summersett III and Ruben Garza for tortious interference with existing and prospective business relationships, unfair competition, defamation, and conspiracy. At the time of suit, Summersett was the president and chief executive officer of Knapp Medical Center ("Knapp") and Garza was

the vice president of administrative services of Knapp.[1]  Jaiyeola is a board-certified gastroenterologist who has privileges and performs surgical procedures at Knapp.  She alleged that the defendants made false statements about her regarding patient complaints and her willingness to "take call" for Knapp in order to "cause her [economic] harm, force her out of business and so that both Defendants, individually, could profit through a conspiracy designed to reduce income to their own hospital in order to justify sale of said hospital."  Jaiyeola did not bring suit against Knapp Medical Center.

Summersett moved to dismiss the lawsuit pursuant to the Texas Citizens Participation Act ("TCPA"), which provides for the dismissal of actions involving the exercise of certain constitutional rights, and subsequently filed a motion for leave to file the motion for dismissal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–27.011 (West Supp. 2011).  The trial court denied the motion for leave, and this appeal ensued.  Summersett appeals by two issues contending that:  (1) the trial court erred by allowing appellant's motion to dismiss to be denied by operation of law; and (2) if the trial court ruled that the motion to dismiss was not timely filed under section 27.003(b), the trial court erred.

Concluding we lack jurisdiction over this interlocutory appeal, we dismiss the appeal as stated herein.

## I. TEXAS CITIZENS PARTICIPATION ACT

The TCPA is a recently enacted statute that provides for the early dismissal of legal actions that involve the exercise of certain constitutional rights.  *See generally* TEX.

---

[1] Garza is not a party to this appeal.

CIV. PRAC. & REM. CODE ANN. §§ 27.001–27.011.[2]  The TCPA is considered to be anti-SLAPP legislation.  *Jennings v. Wallbuilder Presentations, Inc.*, 378 S.W.3d 519, 521 n.1 (Tex. App.—Fort Worth 2012, pet. filed).  "SLAPP" stands for Strategic Lawsuit Against Public Participation.  *See id.*

The purpose of the TCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury."  TEX. CIV. PRAC. & REM. CODE ANN. § 27.002; *Avila v. Larrea*, 394 S.W.3d 646, 653 (Tex. App.—Dallas 2012, pet. filed).  The TCPA provides a means for a defendant, early in the lawsuit, to seek dismissal of certain claims identified in the act, including defamation.  *See id.* §§ 27.003, 27.008.  The act is to be "construed liberally to effectuate its purpose and intent fully."  *Id.* § 27.011(b).  "Exercise of the right of free speech" is defined by the act as "a communication made in connection with a matter of public concern."  *Id.* § 27.001(3).

---

[2] Even though the TCPA is of recent origin, it has been the genesis for numerous appeals and original proceedings.  *See, e,g., Wholesale TV & Radio Adver., LLC v. Better Bus. Bureau of Metro. Dallas, Inc.,* No. 05-11-01337-CV, 2013 Tex. App. LEXIS 7348 (Tex. App.—Dallas June 14, 2013, no pet. h.); *Rehak Creative Servs., Inc. v. Witt*, No. 14-12-00658-CV, 2013 Tex. App. LEXIS 6196 (Tex. App.—Houston [14th Dist.] May 21, 2013, no pet. h.); *Better Bus. Bureau of Metro. Dallas, Inc. v. Ward*, No. 05-12-00575-CV, 2013 Tex. App. LEXIS 6048 (Tex. App.—Dallas May 15, 2013, no pet. h.); *Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW, Inc.*, No. 05-12-00587-CV, 2013 Tex. App. LEXIS 6057 (Tex. App.—Dallas May 15, 2013, no pet. h.); *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, No. 01-12-00581-CV, 2013 Tex. App. LEXIS 5407 (Tex. App.—Houston [1st Dist.] May 2, 2013, no pet. h.); *San Jacinto Title Servs. of Corpus Christi, LLC v. Kingsley Props., LP*, No. 13-12-00352-CV, 2013 Tex. App. LEXIS 5081 (Tex. App.—Corpus Christi April 25, 2013, no pet. h.); *In re Lipsky*, No. 02-12-00348-CV, 2013 Tex. App. LEXIS 4975 (Tex. App.—Fort Worth April 22, 2013, orig. proceeding.); *Jain v. Cambridge Petroleum Grp., Inc.*, No. 05-12-00677-CV, 2013 Tex. App. LEXIS 2088 (Tex. App.—Dallas Mar. 1, 2013, no pet.); *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, No. 14-12-00896-CV, 2013 Tex. App. LEXIS 1898 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, no pet.) (op. on order); *Avila v. Larrea*, 394 S.W.3d 646 (Tex. App.—Dallas 2012, pet. filed); *Lipsky v. Range Prod. Co.*, No. 02-12-00098-CV, 2012 Tex. App. LEXIS 7059 (Tex. App.—Fort Worth Aug. 23, 2012, pet. filed); *Jennings v. Wallbuilder Presentations, Inc.*, 378 S.W.3d 519 (Tex. App.—Fort Worth 2012, pet. filed); *see also Ramsey v. Lynch*, No. 10-12-00198-CV, 2013 Tex. App. LEXIS 5554 (Tex. App.—Waco May 2, 2013, no pet.) (mem. op.); *In re Thuesen*, No. 14-13-00255-CV, 2013 Tex. App. LEXIS 4636 (Tex. App.—Houston [14th Dist.] Apr. 11, 2013, orig. proceeding) (mem. op.).

"Matter of public concern" includes, inter alia, an issue related to "health or safety" or "a good, product, or service in the marketplace." *Id.* § 27.001(7)(E).

"If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." *Id.* § 27.003(a). Such motion must be filed not later than the 60th day after the date of service of the legal action unless the court extends the time for filing on a showing of good cause. *Id.* § 27.003(b). On the filing of a motion to dismiss pursuant to section 27.003(a), all discovery in the legal action is suspended until the court has ruled on the motion to dismiss, except as provided by section 27.006(b). *Id.* § 27.003(c). Section 27.006(b) states, "[o]n a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion." *Id.* § 27.006(b).

A hearing on a motion under section 27.003 must be set not later than the thirtieth day after the date of service of the motion unless the docket conditions of the court require a later hearing. *Id.* § 27.004. Section 27.005 of the TCPA, titled "Ruling," states, in part, as follows:

> (a) The court must rule on a motion under Section 27.003 not later than the 30th day following the date of the hearing on the motion.
>
> (b) Except as provided by Subsection (c), on the motion of a party under Section 27.003, a court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of:
>
> (1) the right of free speech;
>
> (2) the right to petition; or
>
> (3) the right of association.

4

*Id.* § 27.005(a)–(b). A trial court "may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). In determining whether a legal action should be dismissed under the TCPA, "the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a).

Section 27.008 of the TCPA is titled "Appeal." *Id.* § 27.008. That section provides:

(a)     If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.

(b)     An appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005.

(c)     An appeal or other writ under this section must be filed on or before the 60th day after the date the trial court's order is signed or the time prescribed by Section 27.005 expires, as applicable.

*Id.* Finally, where a court orders dismissal of a legal action under the TCPA, the court shall award to the moving party: (1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and (2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions. *Id.* § 27.009(a).

5

## II. BACKGROUND

Jaiyeola filed the instant lawsuit on March 1, 2012. The return of service states that Summersett was personally served with citation on March 5, 2012. Summersett and Garza filed a general denial on March 23, 2012. Summersett filed a first amended answer on April 16, 2012 raising additional defenses, including the assertion that the injunctive relief sought by Jaiyeola constituted an unconstitutional restraint on speech, that Summersett's conduct was privileged, that Jaiyeola committed breach of contract, and that Jaiyeola's claims were barred by the peer review privilege and the release doctrine, and that Jaiyeola failed to exhaust her administrative remedies. On May 7, 2012, Summersett filed a motion to dismiss under the TCPA.

On May 11, 2012, Summersett filed a motion for leave to file the motion to dismiss. In his motion for leave, Summersett asserted that because he "was never properly served" with Jaiyeola's petition, he did not believe that a motion for leave was required in order for his motion to dismiss to be considered properly filed; however, he was filing the motion for leave "out of an abundance of caution." According to the motion for leave:

> . . . Summersett's Anti-SLAPP Motion to Dismiss involves a statutory deadline to file sixty days after being served. On Monday, May 7, 2012, Summersett learned that the return of service indicates he was personally served on March 5, 2012. If that service was proper (Summersett believes it was not), then sixty days from that date was May 4, 2012. Summersett filed his anti-SLAPP Motion to Dismiss on Monday, May 7, 2012.

> . . . To date, Summersett has never been properly served with the summons in this case. While Summersett's ability to contest service of process through a Motion to Quash is no longer an option because he has made an appearance, the fact remains that he was never properly served with Plaintiff's Original Petition. Summersett received his citation and a copy of Plaintiff's Original Petition from co-defendant, Ruben Garza, whom

6

is not Summersett's agent and, therefore, not authorized to accept service on his behalf.

. . . .

. . . Defendant Ruben Garza received Plaintiff's Original Petition on March 5, 2012, for Summersett . . . . It is in the course of Knapp Medical Center's (the "Hospital's") business that Garza routinely accepts service on behalf of the Hospital . . . . After receipt of Plaintiff's Original Petition, Garza then realized that he and Summersett were being sued in their individual capacity . . . . Though he was never personally served, sometime later, Summersett received Plaintiff's Original petition from Garza.

(footnote omitted). In a footnote, Summersett alleged that he had made his appearance in the suit on March 19, 2012, when he had filed an agreed order. In so alleging, Summersett provided citation to Texas Rule of Civil Procedure 120. *See* TEX. R. CIV. P. 120. Summersett thus requested an extension of time to file the motion to dismiss.

Summersett supported his motion for leave with his personal affidavit in which he stated that he had "never been personally served by a process server," that "in the regular course of business," Garza regularly accepted service on behalf of Knapp, and that on March 5, "Garza received a citation intended for me," and "[s]ometime later, I received the citation and Petition from Mr. Garza." Summersett also included the executed officer's return for the citation stating that personal service was made on Summersett on March 5, 2012. Summersett also included an affidavit filed by one of his lawyers discussing the foregoing matters, disagreeing that the statutory deadline for filing the motion to dismiss had expired but stating that if the motion to dismiss was filed after the deadline, the error was not intentional and the "uncertainty" regarding the "effective date of service contributed to the mistake."

In response to the motion to dismiss, Jaiyeola filed a motion for sanctions against Summersett's counsel under Rule 13 of the Texas Rules of Civil Procedure. *See* TEX.

R. Civ. P. 13 (providing sanctions for pleadings that are groundless or brought in bad faith or for the purposes of harassment). Jaiyeola contended that the motion to dismiss was groundless and Summersett's attorney was "using a motion with an automatic discovery stay provision to further delay this case and the Plaintiff from obtaining information necessary to the prosecution of her case."[3]

The trial court held a hearing on the motion to dismiss that began on May 21, 2012, but was recessed and concluded on June 6, 2012. The court took judicial notice of the contents of its file and admitted evidence pertaining to the issue of service of citation and the merits of the motion to dismiss. Included in the evidence was an affidavit from Garza stating that Summersett did not authorize him to accept service on "his personal behalf."

The trial court informed the parties that he was denying the motion for leave, and questioned whether that disposed of the motion for sanctions. The court ultimately ruled that the motion for sanctions "is denied if it's not moot."

With regard to the motion to dismiss, the trial court initially stated that "I will rule that it is dismissed by operation of law." After subsequent argument by counsel for Jaiyeola, the trial court stated "I have specifically ruled that the Motion for Leave is denied. And my thought was that that rendered the matter of the Motion to Dismiss moot, or alternatively, that it was by operation of law." After further discussion, the court retracted its earlier oral ruling and stated that "[t]he only order I'm entering today is that the Motion for Leave is denied." The trial court entered a written order denying the

[3] Jaiyeola ultimately filed a motion to compel discovery against Summersett. The trial court's order on discovery is the subject of an original proceeding in this Court. *See In re Summersett*, No. 13-12-00431-CV, 2013 Tex. App. LEXIS _____ (Tex. App.—Corpus Christi June __, 2013, orig. proceeding).

8

motion for leave that same day. The trial court did not enter a ruling, either orally or in writing, on the motion to dismiss itself.

### III. JURISDICTION

Jaiyeola has filed a motion to dismiss this appeal on grounds that (1) there is no statutory right to appeal the denial of a motion for leave or motion for extension of time, or alternatively, (2) the appeal was not timely filed because if such a right to appeal existed, it would be governed by the general rules for interlocutory appeals rather than the statutory rules for appeals under the TCPA. *Compare* TEX. R. APP. P. 26.1(b) (requiring the notice of appeal in an accelerated appeal to be filed within twenty days), *with* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(c) (requiring the notice of appeal under the statute to be filed within sixty days). Summersett has filed a response to the motion to dismiss, and Jaiyeola has filed a reply thereto.

The cases that have discussed the statutory right to appeal under this section to date have not addressed whether or not the statute provides for an appeal of a denial of a motion for leave or motion for extension of time. Currently, the cases that have addressed the scope of the right to appeal have disagreed regarding whether the statute provides for interlocutory appeals when the motion to dismiss is overruled both by express order and by operation of law. *Compare San Jacinto Title Servs. of Corpus Christi, LLC v. Kingsley Props., LP*, No. 13-12-00352-CV, 2013 Tex. App. LEXIS 5081, at *15 (Tex. App.—Corpus Christi April 25, 2013, no pet. h.) (motion for rehearing pending) (concluding that the statute allows an interlocutory appeal whether the motion to dismiss is determined by express order or by operation of law), *and Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, No. 14-12-00896-CV, 2013 Tex.

9

App. LEXIS 1898, at *8 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, no pet.) (op. on order) (same), *with Jennings*, 378 S.W.3d at 529 (concluding that the statute does not allow an interlocutory appeal when the motion to dismiss is determined by express order), *and Lipsky v. Range Prod. Co.*, No. 02-12-00098-CV, 2012 Tex. App. LEXIS 7059, at *2 (Tex. App.—Fort Worth Aug. 23, 2012, pet. filed) (same). Based on statutory construction, we have already determined that an appellant may appeal either the express denial of a motion to dismiss or the trial court's failure to rule on a motion to dismiss within the statutory time limit. *San Jacinto Title Servs. of Corpus Christi, LLC*, 2013 Tex. App. LEXIS 5081, at *15. The statute does not expressly address whether there is a right to appeal motions for extension of time.

In construing a statute, our primary objective is to give effect to the legislature's intent. *See Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010) (citing *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009)). In determining the legislature's intent, we begin by looking to the plain meaning of the statute's words. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998). "The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011); *Tex. Lottery Comm'n*, 325 S.W.3d at 635.

In the instant case, the statute expressly provides that if the trial court does not rule on "a motion to dismiss" in the time prescribed by section 27.005, that is, "not later than the 30th day following the date on the hearing on the motion," the motion is "denied

10

by operation of law" and "the moving party may appeal." TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(a). The statute directs the appellate courts to "expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005." *See id.* § 27.008(b). The statute includes an express and specific deadline for appeals under the statute: an "appeal or other writ under this section must be filed on or before the 60th day after the date the trial court's order is signed or the time prescribed by Section 27.005 expires, as applicable." *See id.* § 27.008(c). The statute makes no appellate provisions regarding motions for extension of time to file a motion to dismiss, and the specific language allowing for an appeal is limited to the trial court's ruling, or lack thereof, on the motion to dismiss itself.

Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides such jurisdiction. *Koseoglu*, 233 S.W.3d at 840; *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). We strictly construe statutes that provide for interlocutory appeal as "narrow exception[s] to the general rule that only final judgments are appealable." *Koseoglu*, 233 S.W.3d at 841 (quoting *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001)). The question of jurisdiction is a question of law, which we review de novo. *Koseoglu*, 233 S.W.3d at 840; *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2006).

Thus, while we construe the substantive provisions of the TCPA "liberally" to "fully" effectuate its purpose and intent, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(b), we narrowly and strictly construe the interlocutory right to appeal under the TCPA. *Koseoglu*, 233 S.W.3d at 841. Thus, we conclude that the statute does not

11

"explicitly" grant the right to appeal from the denial of motions for leave to file a motion to dismiss. *See Koseoglu*, 233 S.W.3d at 840–41. Our inquiry does not end here, however, because on appeal, Summersett contends that the trial court "expressly ruled that he would allow the Motion to Dismiss to be denied 'by operation of law' under Texas Civil Practice and Remedies Code § 27.008(a)."

This contention is rebutted by the hearing transcript. At the hearing, the trial court expressly ruled that "I'm denying the Motion for Leave," then questioned the parties regarding whether or not that ruling rendered Jaiyeola's motion for sanctions moot. The trial court then ruled that the motion for sanctions was denied "if it's not moot." Counsel for Summersett requested that the trial court affirmatively rule on the motion to dismiss in order to avoid "confusion" regarding when the appellate time table began. The trial court responded that "I will rule that it is dismissed by operation of law," then after further discussion, stated that "I have specifically ruled that the Motion for Leave is denied. And my thought was that that rendered the matter of the Motion to Dismiss moot or, alternatively, that it was [overruled] by operation of law. Is that not the view?" Counsel for Summersett again requested that the trial court "enter an order disposing of the Motion to Dismiss," and the trial court finally concluded that "[t]he only order I'm entering today is that the Motion for Leave is denied." Summersett raised this issue again at a subsequent hearing and the trial court again reiterated that the motion for leave was denied.

We disagree with Summersett's premise that the trial court allowed the motion to dismiss to be filed so that it could be overruled by operation of law. First, the foregoing colloquy indicates that the trial court retracted his original statement that he would "rule

12

that it is dismissed by operation of law," thus the record does not show an express ruling that the motion to dismiss was denied by operation of law and it certainly does not invoke the right to appeal embodied in section 27.008 as suggested by Summersett. Second, even if we were to conclude otherwise, we are not bound by a trial court's conclusion on an issue of law. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002) (holding that appellate courts may review trial court's legal conclusions to determine their correctness). A trial court's denial of a motion for leave or a motion for extension of time to file a motion to dismiss is neither a ruling on the merits of the motion to dismiss, nor a denial "by operation of law" of a motion to dismiss. And third, as stated previously, the trial court did not grant the motion for leave and did not render an order denying the motion to dismiss. In such circumstances, where the record shows that the motion to dismiss was filed after the expiration of the statutory deadline for filing such a motion, we do not infer or presume that the motion to dismiss was overruled based on the operation of law.

Finally, even if we were to conclude that the statute allows an interlocutory appeal from the denial of a motion for leave to file a motion to dismiss, which we do not, we would conclude that the trial court did not abuse its discretion in denying the motion for leave. In this regard, Summersett asserts that the trial court reversibly erred by not finding "good cause" to file the motion to dismiss late. The trial court was presented with conflicting evidence regarding whether Summersett was served on March 5, 2012. "The return of service is not a trivial, formulaic document," but is "prima facie evidence of the facts recited therein." *Primate Constr. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). The return of service in the record, which states that Summersett was served in

13

person, constitutes prima facie evidence of the facts recited, and the recitations "carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party." *See id.* Moreover, a person within the jurisdiction of a court generally has an obligation to accept service of process when it is reasonably attempted. *See Dosamantes v. Dosamantes*, 500 S.W.2d 233, 237 (Tex. Civ. App.—Texarkana 1973, writ dism'd); *see also Red Hot Enters. LLC v. Yellow Book Sales & Distrib. Co.*, No. 04-11-00686-CV, 2012 Tex. App. LEXIS 5967, at *5 (Tex. App.—San Antonio July 25, 2012, no pet.) (mem. op.); *Rogers v. Moore*, No. 05-05-01666-CV, 2006 Tex. App. LEXIS 9819, at **1–2 (Tex. App.—Dallas Nov. 13, 2006, no pet.) (mem. op.). A defendant who does not physically accept citation is held to have been personally served as long as the return affirmatively shows the papers were deposited in an appropriate place in his presence or near him where he is likely to find them, and he was informed of the nature of the process and that service is being attempted. *Dosamante*s, 500 S.W.2d at 237; *see also Red Hot Enters. LLC*, 2012 Tex. App. LEXIS 5967, at **5–6; *Rogers*, 2006 Tex. App. LEXIS 9819, at **1–2. In the instant case, the evidence is undisputed that Summersett was informed of the nature of the process and of the fact that service was being attempted.

Finally, and significantly, Summersett has explicitly recognized that he made a general appearance in this case in March. Although Summersett contends that the general appearance prohibits him from contesting service of process through a motion to quash, he contends that "the fact remains that he was never properly served." However, when a defendant's attorney enters an appearance in open court, such appearance "shall have the same force and effect as if the citation had been duly issued

14

and served as provided by law." *See* TEX. R. CIV. P. 120. Any defect in service is cured by a general appearance. *See Baker v. Monsanto Co.*, 111 S.W.3d 158, 160–61 (Tex. 2003). Stated otherwise, the filing of an answer or entering some other appearance generally waives any defect in the service of citation. *Id.* Here, Summersett made a general appearance through filing an agreed order and filing his answer in the case, and therefore cured or waived any alleged defect in service of citation.

## IV. CONCLUSION

The Court, having examined and fully considered the briefs, the motion to dismiss and the response and reply thereto, is of the opinion that we lack jurisdiction over this appeal. Accordingly, we grant Jaiyeola's motion to dismiss. This appeal is dismissed.

_____<br>
ROGELIO VALDEZ<br>
Chief Justice

Delivered and filed the
18th day of July, 2013.