

# NUMBER 13-25-00099-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**MEDCARE EMS,**                                               **Appellant,**

**v.**

**CAROLINA FLORES,**                                              **Appellee.**

## ON APPEAL FROM THE 430TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice Silva**

Appellant MedCare EMS (MedCare) appeals the trial court's order denying its motion to dismiss in favor of appellee Carolina Flores. By one issue, MedCare complains that the trial court abused its discretion when it denied its motion to dismiss because Flores failed to meet the requirements of the Texas Medical Liability Act (TMLA). *See* TEX. CIV. PRAC. & REM. CODE § 74.351. We affirm.

## I.    BACKGROUND

On December 9, 2021, Flores called emergency services after experiencing abdominal pain. A MedCare emergency medical technician (EMT) and paramedic arrived at her apartment and assessed her. Flores was subsequently placed and strapped onto a stretcher, which was wheeled from her apartment to the parking lot of Flores's apartment complex. Flores was left in the stretcher under the paramedic's supervision while the EMT moved the ambulance closer to Flores's location. Flores's stretcher ultimately tipped over, and she sustained injuries from the fall.

On December 20, 2022, Flores sent MedCare a pre-suit letter by certified mail which included an expert report authored by registered paramedic John B. Everlove, as well as his curriculum vitae. In his report, Everlove described the standard of care applicable to MedCare and deviations from that standard by MedCare personnel concerning the "care, treatment, and management of . . . Flores." On February 27, 2023, Flores filed her original petition asserting that MedCare was "negligent in the medical care rendered to . . . Flores" and sought actual and special damages, court costs, pre-judgment and post-judgment interest, and "[s]uch other and further relief at law or in equity to which [Flores] may be justly entitled." On April 24, 2023, MedCare filed its original answer which generally denied Flores's claims and raised affirmative defenses.

On August 31, 2023, MedCare filed a motion to dismiss Flores's claim pursuant to § 74.351 of the Texas Civil Practice and Remedies Code. *See id*. In the motion, MedCare contended that Flores "failed to provide any expert report." The next day, MedCare sent the trial court a letter stating the following: "[Flores] served an expert report on MedCare . . . in December 2022 that [MedCare] had not seen before filing [its] motion to

2

dismiss. Therefore, [MedCare] would like to withdraw its[] [m]otion to [d]ismiss filed on August 31, 2023[,] and ask that a hearing not be set." Both parties subsequently agreed to a Rule 11 docket control order which was filed on September 26, 2023. *See* TEX R. CIV. P. 11.

On October 24, 2024, MedCare filed its amended answer. On October 31, 2024, Flores filed her amended petition, which added a gross negligence claim. On January 6, 2025, MedCare filed its second motion to dismiss alleging Flores failed to serve an expert report within the 120-day deadline pursuant to Chapter 74. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a), (b). Specifically, MedCare argued that Everlove was "statutorily precluded from opining on causation" because he is a non-physician, that Flores failed to serve "a separate Chapter 74 report on causation by a qualified physician," and "[a]s such, this amounts to no report at all on causation, and requires dismissal of [Flores]'s case." *See id*. § 74.403.

On January 21, 2025, Flores filed a response to MedCare's second motion to dismiss. In particular, Flores argued that MedCare waived its complaints concerning the alleged deficiencies of Everlove's report by failing to timely object, that Everlove's report represented a "good-faith effort to comply with the statutory requirements of Chapter 74," and that she was entitled to a 30-day extension to cure any deficiencies. On January 23, 2025, MedCare filed a reply to Flores's response. On January 28, 2025, the trial court held a hearing on MedCare's motion to dismiss. At the hearing, the trial court heard arguments from the parties, and stated, among other things:

> I feel in this case that there was a good faith effort by [Flores] to meet
> the requirements of the code, so at this point I'm making a finding
> that the report was insufficient based on the fact that there was a

3

nonphysician doing the causation, but I am going to grant a 30-day extension to clear up that deficiency.

. . . .

I'm going to give [Flores] [thirty] days to either supplement or get that report.

That same day, the trial court signed its written order denying MedCare's second motion to dismiss. The trial court did not enter an order granting an extension.

On February 7, 2025, Flores filed and served MedCare her "Supplemental Expert Report on Causation," authored by Dr. John Darren Clark, M.D. This interlocutory appeal ensued. *See id.* § 51.014(a)(9).

## II.    EXPERT REPORT

### A.    Standard of Review and Applicable Law

We review a trial court's ruling on a motion to dismiss for failure to comply with § 74.351's expert report requirements for abuse of discretion. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). But "a trial court has no discretion in determining what the law is or applying law to facts." *Pressley v. Casar*, 567 S.W.3d 327, 333 (Tex. 2019) (per curiam) (citation modified) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). Moreover, "[s]tatutory construction is a question of law we review de novo." *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 700 (Tex. 2015) (orig. proceeding).

"The [TMLA]'s comprehensive statutory framework strikes 'a careful balance between eradicating frivolous claims and preserving meritorious ones'" in its imposition

4

of a threshold expert report requirement, which necessitates that "suits asserting health care liability claims must be supported by an expert report 'before litigation gets underway.'" *Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 362–63 (Tex. 2019) (quoting *Leland v. Brandal*, 257 S.W.3d 204, 208 (Tex. 2008) and *Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 253 (Tex. 2010)). Section 74.351(r)(6) of the Texas Civil Practice and Remedies Code notes:

> "Expert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

Tex. Civ. Prac & Rem. Code § 74.351(r)(6).

A party who brings a health care liability claim shall, "not later than the 120th day after the date each defendant's original answer is filed . . . , serve on that party or the party's attorney one or more expert reports." *Id*. § 74.351(a). The claimant must also serve the curriculum vitae of each expert who provided a report. *Id.* Each defendant must object to the sufficiency of the report within twenty-one days of receiving the report or twenty-one days of the filing of the defendant's answer. *Id.* Failure to timely serve the expert report shall result in the trial court dismissing the suit with prejudice. *Id.* § 74.351(b)(2). Conversely, failure to timely object results in a waiver of any objections. *Id.* § 74.351(a). The court may grant one thirty-day extension to cure a report that is found to be deficient. *Id.* § 74.351(c). In general, "trial courts should err on the side of granting claimants' extensions." *Samlowski v. Wooten*, 332 S.W.3d 404, 411 (Tex. 2011) (plurality op.) (Guzman, J. concurring), *quoted in* plurality opinion, 332 S.W.3d at 411. "The purpose of

5

the expert report requirement is to deter frivolous claims, not to dispose of claims regardless of their merits." *Scoresby v. Santillan*, 346 S.W.3d 546, 554 (Tex. 2011) (footnote omitted).

The report must "represent an objective good faith effort to comply with the definition of an expert report." TEX. CIV. PRAC. & REM. CODE § 74.351(*l*). To meet the requirements of a report, it must represent a "fair summary of the expert's opinions" of (1) the applicable standard of care, (2) the failure of the health care provider to meet them, and (3) the causal relationship between that failure and the injury, harm, or damages claimed. TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6); *see also Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 630 (Tex. 2013). At a minimum, the expert report must "inform the defendant of the specific conduct the plaintiff has called into question" and "provide a basis for the trial court to conclude that the claims have merit." *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010) (quoting *Bowie Mem'l Hosp.*, 79 S.W.3d at 52). A report does not constitute a good faith effort if it omits any of the statutory requirements. *Id.* (citing *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 879 (Tex. 2001)). Although the claimant is not required to present evidence in the report as if they were actually litigating the merits, they may not merely state the expert's conclusions regarding the standard of care, breach, and causation. *Id.* The report must explain the basis of the expert's statements to link his or her conclusions to the facts. *Id.*

Since the enactment of the TMLA, the Texas Supreme Court has clarified what constitutes an adequate expert report. *See Abshire v. Christus Health Se. Tex.*, 563 S.W.3d 219, 226 (Tex. 2018) (per curium); *Potts*, 392 S.W.3d at 627–32; *Scoresby*, 346 S.W.3d at 549–50; *Samlowski*, 332 S.W.3d at 411; *Jelinek*, 328 S.W.3d at 539–40;

6

*Ogletree v. Matthews*, 262 S.W.3d 316, 322 (Tex. 2007). The court has recognized that the TMLA distinguishes between a deficient report and no report at all. *See Ogletree*, 262 S.W.3d at 320–21. The court has also noted that a report may be so deficient as to constitute no report at all. *See Scoresby*, 346 S.W.3d at 556 (concluding that a statement by an expert that the defendant violated the standard of care and as a result caused damages, without more, warranted an extension rather than dismissal, but noting that a sheet of paper with "expert report" written on it "would mock the [TMLA]'s requirements"). A report that is deemed deficient should result in a thirty-day extension to cure the deficiencies, while a report so deficient as to constitute no report at all should result in dismissal. *See id.* at 557.

**B.    Analysis**

**1.    Appellate Jurisdiction**

As a threshold issue, we first address Flores's contention that this Court lacks jurisdiction over MedCare's appeal.

During pendency of this appeal, but before the parties filed their appellate briefs, Flores filed two motions to dismiss MedCare's appeal. In those motions, Flores argued that this Court lacked jurisdiction to consider MedCare's appeal because no appeal may be taken from an order granting an extension under § 74.351. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9). We carried those motions with the case. In her appellate brief, Flores reurges her contention concerning jurisdiction.

"Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides such jurisdiction." *Summersett v. Jaiyeola*, 438 S.W.3d 84, 91 (Tex. App.—Corpus Christi–Edinburg, 2013 pet. denied) (first citing *Tex.*

*A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); then citing *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998)). An interlocutory appeal may be taken from an order that "denies all or part of the relief sought by a motion under [§] 74.351(b), except that an appeal may not be taken from an order granting an extension under [§] 74.351." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9); *see also id.* § 74.351(b), (c). Thus, no immediate interlocutory appeal may be taken from an order denying a motion to dismiss if the trial court also grants an extension to cure deficiencies. *See Scoresby*, 346 S.W.3d at 555 (noting no immediate interlocutory appeal from order denying motion to dismiss that also grants 30-day extension to cure deficiencies because appellate courts addressing sufficiency of report while its deficiencies were "presumably being cured at the trial court level" constitutes an "illogical and wasteful result"); *Ogletree*, 262 S.W.3d at 321 ("[T]he actions denying the motion to dismiss and granting an extension are inseparable. The statute plainly prohibits interlocutory appeals of orders granting extensions . . . ." (citation omitted)); *Bogar v. Esparza*, 257 S.W.3d 354, 361 (Tex. App.—Austin 2008, no pet.) (holding that court of appeals could not reach merits of motion to dismiss under § 74.351(b) because trial court also granted extension). If, after an extension has been granted, the defendant again moves to dismiss, then the denial of the motion is appealable. *See Scoresby*, 346 S.W.3d at 555.

It is undisputed that Flores's claims are "health care liability claims" and that her suit is therefore subject to the TMLA's requirements. *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13) (defining "Health care liability claim"). However, Flores argues that the trial court "expressly denied [MedCare's] motion to dismiss and simultaneously granted a 30-day extension pursuant to § 74.351(c)." We disagree. Here, the trial court's January

8

28, 2025 written order at issue in this appeal only denied MedCare's motion to dismiss pursuant to § 74.351. *See id.* § 74.351(b). The order on its face neither granted nor denied an extension pursuant to § 74.351. *See id.* § 74.351(c). In her motions to dismiss the appeal, Flores's contentions were premised, in part, on the trial court's statements at the January 28, 2025 hearing by which it expressed, "I am going to grant a 30-day extension to clear up that deficiency" and "I'm going to give [Flores] [thirty] days to either supplement or get that report." At most, the trial court expressed a future intent to sign an order granting an extension pursuant to § 74.351 but never followed through as the record contains no written order by the trial court granting an extension pursuant to § 74.351. *See id.*; *Lopez v. Brown*, 356 S.W.3d 599, 602–03 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (concluding that a thirty-day extension under § 74.351(c) "must be in the form of a written order, rather than a trial court's mere oral pronouncement from the bench").

Based on the plain language of the trial court's January 28, 2025 order, we conclude that said order is indeed an interlocutory order denying MedCare's motion to dismiss under § 74.351 and not an order granting an extension under that same section. *See Reiss v. Reiss*, 118 S.W.3d 439, 441–42 (Tex. 2003) (stating that courts must construe trial court orders based on their unambiguous language); *Est. of Hoskins*, 501 S.W.3d 295, 304–05 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (construing court orders according to their "plain terms"); *Lopez*, 356 S.W.3d at 602–03. Under these circumstances, we conclude we have jurisdiction to review said order. *See Scoresby*, 346 S.W.3d at 555; *Ogletree*, 262 S.W.3d at 321; *Jaiyeola*, 438 S.W.3d at 91; *Bogar*, 257

9

S.W.3d at 361. Accordingly, we deny Flores's motions to dismiss appeal.[1]

## 2. Motion to Dismiss

MedCare argues that the trial court abused its discretion when it denied its motion to dismiss pursuant to § 74.351 because Flores failed to serve a report satisfying that section's requirements "before the 120th day following [its] [o]riginal [a]nswer." Specifically, MedCare contends that Everlove, as a non-physician, "is statutorily disqualified—as a matter of law—to address the required element of causation." MedCare further contends that Everlove's report, though timely served, "does not represent a good faith effort to comply with [§] 74.351" and constitutes "no report at all."

Flores argues that MedCare waived any objections to Everlove's report by "failing to timely object within 21 days and withdrawing its original motion." The Texas Supreme Court has held that "the 21-day objection period will not begin to run for a defendant upon whom an expert report was served *before suit was filed* until the defendant has actually been sued and served with process." *Hebner v. Reddy*, 498 S.W.3d 37, 43 (Tex. 2016) (emphasis added); *see also* TEX. CIV. PRAC. & REM. CODE§ 74.351(a). In other words, "defendants served with expert reports pre-suit will have 21 days following the filing of their answer in which to object." *Hebner*, 498 S.W.3d at 43. Here, the record demonstrates that Flores served Everlove's report to MedCare prior to filing the underlying suit. Because MedCare filed its original answer on April 24, 2023, it had until May 15, 2023, to raise any objections to Everlove's report or risk waiver. Nothing in the record indicates that

---

[1] Flores also filed a motion for sanctions with its original motion to dismiss appeal and reurges said motion in its appellate brief. Flores contended that MedCare filed a frivolous appeal because the Court lacked jurisdiction. Because we have determined that we have jurisdiction over MedCare's appeal, we deny Flores's motion for sanctions.

10

MedCare raised any objections to Everlove's report.

However, MedCare suggests that it was not required to object because Everlove's report constitutes "no report at all." "[T]here is no duty to object to an expert report that was never served, that was served untimely, or that was so deficient as to constitute no report at all within the 120-day period." *Fung v. Fischer*, 365 S.W.3d 507, 516 (Tex. App.—Austin 2012 no pet.), *disapproved of for other reasons by Certified EMS, Inc. v. Potts*, 392 S.W.3d 625 (Tex. 2013). In *Scoresby*, the question was "whether a document served on a defendant can be so lacking in substance that it does not qualify as an expert report." 346 S.W.3d at 555. Concluding that the line between a deficient report and no report had to be drawn somewhere, and based on the TMLA's text and purposes, the Texas Supreme Court established a minimal standard, calling for leniency in determining whether the claimant served an "expert report" albeit a deficient one: "[A] document qualifies as an expert report if it contains a statement of opinion by an individual with expertise indicating that the claim asserted by the plaintiff against the defendant has merit." *Id.* at 549.

An expert as to the causal relationship between the injury claimed and the breach of the standard of care is statutorily defined as "a *physician* who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence." TEX. CIV. PRAC. & REM. CODE § 74.351(r)(5)(D) (emphasis added). Further, *only* a physician who is otherwise qualified to render opinions on that causal relationship under the Texas Rules of Evidence may qualify as an expert. *See id.* § 74.403(a). A paramedic is not a physician; therefore, Everlove is not qualified to render an expert opinion regarding causation. *See* TEX. CIV. PRAC. & REM. CODE §§ 74.351(r)(5)(D), 74.403(a); *see also*

11

*Matagorda Nursing & Rehab. Ctr., L.L.C. v. Brooks*, No. 13-16-00266-CV, 2017 WL 127867, at *6 (Tex. App.—Corpus Christi–Edinburg Jan. 12, 2017, no pet.) (mem. op.) (concluding that a registered nurse who submitted an expert report was not qualified to opine on causation). However, that does not end the analysis. *See Scoresby*, 346 S.W.3d at 549; *Matagorda*, 2017 WL 127867 at *6–7.

It is undisputed that Everlove was qualified to opine as to the standard of care applicable to MedCare. *See* TEX. CIV. PRAC. & REM. CODE § 74.402. Moreover, Everlove opined in his report that MedCare personnel deviated from that standard concerning their "care, treatment, and management of . . . Flores." In other words, Everlove opined that MedCare was negligent. Accordingly, we hold that Everlove's report constitutes a statement of opinion by an individual with expertise indicating that the claim asserted by Flores against MedCare has merit. *See Scoresby*, 346 S.W.3d at 549; *Matagorda*, 2017 WL 127867, at *6–7 (concluding that a registered nurse's report "'contain[ed] the opinion of an individual with expertise that the claim has merit' and implicate[d the] appellant's conduct" even though the nurse was not qualified to opine on causation). Consequently, MedCare was required to object to the sufficiency of Everlove's report. *See Fischer*, 365 S.W.3d at 516. Because it failed to do so, MedCare waived any objections concerning the sufficiency of Everlove's report and the trial court could not have properly granted its motion to dismiss pursuant to § 74.351. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE § 74.351(a); *Pressley*, 567 S.W.3d at 333 (trial court has no discretion in applying the law to the facts); *Bakhtari v. Est. of Dumas*, 317 S.W.3d 486, 493 (Tex. App.—Dallas 2010, no pet.) (holding appellant waived her untimely objections to an expert report); *Williams v. Mora*, 264 S.W.3d 888, 890 (Tex. App.—Waco 2008, no pet.) (same). We overrule

12

MedCare's sole issue.

### III.    Conclusion

The judgment of the trial court is affirmed.

CLARISSA SILVA
Justice

Delivered and filed on the
26th day February, 2026.